IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Joanne Erjavac, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 15 C 7457 |
| Weltman, Weinberg & Reis Co., L.P.A., an Ohio corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Joanne Erjavac, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

## PARTIES

3. Plaintiff, Joanne Erjavac, ("Erjavac"), is a citizen of the State of Pennsylvania, from whom Defendant attempted to collect a delinquent consumer debt that she allegedly owed for a Discover Bank account, despite the fact that she had exercised her rights, pursuant to the FDCPA, to refuse to pay the debt and to be represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Weltman, Weinberg & Reis Co., L.P.A. ("Weltman"), is an Ohio corporation, and law firm, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Weltman operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Weltman was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debts it attempted to collect from Plaintiff.

5. Defendant Weltman is authorized to conduct business in the State of Illinois, has a law office in Chicago, Illinois, and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant conducts extensive business in Illinois.

**FACTUAL ALLEGATIONS**

6. Ms. Erjavac is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed for a Discover Bank account. When Weltman began trying to collect this debt from Ms. Erjavac, by sending her a collection letter, dated November 13, 2014, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Weltman's collection actions. A copy of the November 13, 2014 letter is attached as Exhibit B.

7. Accordingly, on November 25, 2014, one of Ms. Erjavac's attorneys at LASPD informed Weltman, in writing, that Ms. Erjavac was represented by counsel, and directed Weltman to cease contacting her, and to cease all further collection activities

because Ms. Erjavac was forced, by her financial circumstances, to refuse to pay her unsecured debts. Copies of this letter and the fax confirmation and are attached as Exhibit C.

8. Nonetheless, Defendant Weltman sent a collection letter, dated January 30, 2015, directly to Ms. Erjavac, which demanded payment of the Discover Bank debt. A copy of this collection letter is attached as Exhibit D.

9. Accordingly, on March 26, 2015 one of Ms. Erjavac's LASPD attorneys had to write Defendant Weltman, yet again, to demand that it cease communications and cease collection of the debt. Copies of this letter and the fax confirmation are attached as Exhibit E.

10. Defendant Weltman's collection actions complained of herein occurred within one year of the date of this Complaint.

11. Defendant Weltman's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

12. Plaintiff adopts and realleges ¶¶ 1-11.

13. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

14. Here, the letter from Ms. Erjavac's agent/attorney, LASPD, told Defendant

Weltman to cease communications and cease collections (Exhibit C). By continuing to communicate regarding this debt and demanding payment (Exhibit D), Defendant Weltman violated § 1692c(c) of the FDCPA.

15. Defendant Weltman's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

16. Plaintiff adopts and realleges ¶¶ 1-11.

17. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debts and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

18. Defendant Weltman knew that Ms. Erjavac was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing (Exhibit C), that she was represented by counsel, and had directed Defendant Weltman to cease directly communicating with her. By directly sending Ms. Erjavac the January 30, 2015 letter (Exhibit D), despite being advised that she was represented by counsel, Defendant Weltman violated § 1692c(a)(2) of the FDCPA.

19. Defendant Weltman's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

Plaintiff, Joanne Erjavac, prays that this Court:

1. Find that Defendant Weltman's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Erjavac, and against Defendant Weltman, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Joanne Erjavac, demands trial by jury.

Joanne Erjavac,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: August 25, 2015

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com